The People of the State of Illinois, Defendant in
Error, v. Jack Lillington, alias Clarence Struble,
and Henry Stead, alias Fred Stead, Plaintiffs in
Error.

Gen. No. 22,458.    (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. RICHARD
E. BURKE, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1916. Affirmed. Opinion filed March 8, 1917.

## Statement of the Case.

Prosecution by the People of the State of Illinois,
plaintiff, against Jack Lillington, alias Clarence
Struble, and Henry Stead, alias Fred Stead, defend-
ants. From a judgment upon a verdict of guilty and
sentence to imprisonment for nine months and fine of
five hundred dollars and costs, defendants bring error.

The indictment contained three counts: First, for a
felonious assault with a revolver, the same being a
dangerous and deadly weapon, with intent to kill and
murder; second, for assault with a loaded revolver,
the same being a dangerous and deadly weapon and
without any considerable provocation with intent to
inflict a bodily injury; third, for assault as in the sec-
ond count, except that the deadly weapon was alleged
to be "a certain hard substance, a further description
of which is unknown." The verdict of the jury was as
follows:

"We, the jury, find the defendant * * * guilty of
assault with a deadly weapon in manner and form as
charged in the indictment and we further find that said
assault was committed with an intent to inflict upon the
person of another a bodily injury where no consider-
able provocation appears and the circumstances of the
assault show an abandoned and malignant heart."

It was contended by the defendants: First, that the

verdict authorized a conviction for simple assault only; second, that the verdict was not supported by the evidence; third, that the court erred in giving a certain instruction.

CHARLES C. WILLIAMS and ERBSTEIN & MACAULAY, for plaintiffs in error.

MACLAY HOYNE, for defendant in error; IRWIN N. WALKER, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. ASSAULT AND BATTERY, § 34*—*when verdict in criminal prosecution is sufficient.* A verdict finding the defendants guilty of assault with a deadly weapon in manner and form as charged in the indictment and that said assault was committed with an intent to inflict upon the person "of another" a bodily injury, etc., *held* to specify sufficiently the material facts constituting the crime of assault with a deadly weapon and that the words "of another" did not negative the allegation that the intention was to injure the person charged in the indictment to have been assaulted, but were used in direct reference to such person.

2. ASSAULT AND BATTERY, § 34*—*when verdict in criminal case sufficiently designates defendant.* A verdict finding the defendants guilty of assault with a deadly weapon in manner and form as charged in the indictment, *held* to clearly designate, by the words "as charged in the indictment," that the person upon whom the assault was made was the one charged in the indictment.

3. ASSAULT AND BATTERY, § 34*—*when verdict finding defendant guilty of assault with a deadly weapon is proper.* A verdict finding the defendants guilty of assault with a deadly weapon, *held* good as to a count charging assault with a revolver charged with gunpowder and leaden bullets, the same being a deadly and dangerous weapon, or as to a count charging the same except that the deadly weapon was "a certain hard substance, a further description of which is unknown."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. ASSAULT AND BATTERY, § 30*—*what does not constitute variance between indictment and proof.*  Evidence that the accused had pointed a revolver at a person whom he was charged with having assaulted and said he would blow such person's brains out, *held* sufficient to show that the revolver was loaded, under a count of an indictment charging assault with a loaded revolver.

5. ASSAULT AND BATTERY, § 34*—*when verdict of guilty for assault with deadly weapon is proper.*  A verdict finding the defendants guilty of assault with a deadly weapon, *held* good under a count of an indictment charging assault with a certain hard substance, where a revolver with which the assault was shown to have been committed was introduced in evidence and the jury had opportunity to determine whether or not it was a hard substance as set out in the indictment.

6. ASSAULT AND BATTERY, § 33*—*when instruction in criminal case is in conformity with evidence.*  An instruction as to a charge of assault with a deadly weapon and as to a charge of assault with the intention to commit murder and simple assault, *held* to be justified under the evidence showing the assault of which the defendant was found guilty was committed with a revolver.

7. ASSAULT AND BATTERY, § 31*—*when evidence sufficient to sustain verdict of guilty of assault with deadly weapon.*  Evidence *held* sufficient to sustain a verdict of guilty of assault with a deadly weapon with intent to inflict bodily injury upon the person assaulted, under an indictment charging such assault.

*See Illinois Notes Digest, Vols. XI to XV₁ and Cumulative Quarterly, same topic and section number.